UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Patricia J. Ohlund

Write the full name of each plaintiff.

_____CV_______________

(Include case number if one has been assigned)

-against-

Do you want a jury trial?

☒ Yes ☐ No

Anthony Blinken
in his official capacity as the
Secretary of the U.S. Department of State

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

# EMPLOYMENT DISCRIMINATION COMPLAINT

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

# I. PARTIES

## A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| Patricia | J. | OHLUND |
|---|---|---|
| First Name | Middle Initial | Last Name |

Fritschestrasse 47
Street Address

| Berlin | Germany | 10627 |
|---|---|---|
| County, City | State | Zip Code |

| 0049-30-3237795 | patti_ohlund@hotmail.com |
|---|---|
| Telephone Number | Email Address (if available) |

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1: Anthony Blinken, in his official capacity as Secretary, U.S. Department of State
Name

The Executive Office, Office of the Legal Adviser, Suite 5, 600 19th Street NW
Address where defendant may be served

| Washington | DC | 20522 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:
Name

Address where defendant may be served

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

Name

Address where defendant may be served

County, City State Zip Code

## II. PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

Embassy of the United States of America

Name

Pariser Platz 2

Address

| Berlin | Germany | 10117 |
|---|---|---|
| County, City | State | Zip Code |

## III. CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐ race: ____________________

☐ color: ____________________

☐ religion: ____________________

☐ sex: ____________________

☐ national origin: ____________________

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: ______________________

☒ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: 1952

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: ______________________

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: ______________________

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B. Other Claims

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☒ Other (may include other relevant federal, state, city, or county law):

German Anti-Discrimination Law (See Attachment for Statement of Claim B Facts)

## IV. STATEMENT OF CLAIM

### A. Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐ did not hire me
- ☐ terminated my employment
- ☐ did not promote me
- ☐ did not accommodate my disability
- ☒ provided me with terms and conditions of employment different from those of similar employees
- ☐ retaliated against me
- ☐ harassed me or created a hostile work environment
- ☐ other (specify): ______________________________

### B. Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

See Attachment B. Facts

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V. ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☒ Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge? See Attachment V.:Administrative Procedures Dates

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☒ Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice? November 4, 2021

When did you receive the Notice? November 15, 2021

☐ No

## VI. RELIEF

The relief I want the court to order is (check only those that apply):

☐ direct the defendant to hire me

☐ direct the defendant to re-employ me

☐ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

☐ direct the defendant to reasonably accommodate my disability

☒ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

As I have wrongfully been denied monthly past and future retirement benefits since reaching the age of 65, calculated according to formula based upon length of service and salary level (as described in defendant's Defined Retirement Plan and Local Employment Plan, available under separate cover) due to the prohibited age discrimination by the defendant, I seek a court order to the defendant to pay all past and future benefits due.

## VII. PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

February 3, 2022
Dated

Plaintiff's Signature

Patricia — First Name
J. — Middle Initial
OHLUND — Last Name

Fritschestrasse 47
Street Address

Berlin — County, City
Germany — State
10627 — Zip Code

0049-30-3237795
Telephone Number

patti_ohlund@hotmail.com
Email Address (if available)

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☒ Yes ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

**Patricia J. Ohlund**
Fritschestrasse 47, 10627 Berlin, Germany
Tel: 0049 - 30 323 7795
Email: patti_ohlund@hotmail.com

**III. CAUSE of Action / B. Other Claims:**

Under the laws of the Federal Republic of Germany, the law applicable to employment relations with locally employed staff, in particular, under the General Law for Equal Treatment, The "*Allgemeines Gleichbehandlungsgesetz" (AGG*).

**Patricia J. Ohlund**
Fritschestrasse 47, 10627 Berlin, Germany
Tel: 0049 - 30 323 7795
Email: patti_ohlund@hotmail.com

**Section IV., Part B. Facts :**

1.) Claim under ADEA:

The defendant U.S. Department of State, through its Mission (Embassy) to Germany, expressly denied eligibly for the Defined Benefit Plan (DBP) to all Locally Employed Staff (LE Staff) who started employment after reaching the age of 45, including myself. This retirement plan was created and established in 1969 for the benefit of all locally resident employees (German and third country nationals resident in Germany) after the enactment and effective date of the Age Discrimination in Employment Act of 1967 (ADEA). I began employment with U.S. Embassy Berlin in September 2005 and worked until my retirement on December 31, 2018. The defendant mislead all LE Staff, including myself, by consistently holding that only German law and practices governed this benefit plan, regardless of citizenship, thus preventing discriminated local U.S. citizen employees from knowing or even having reason to suspect, that age discrimination under the ADEA had occurred or to complain of such rights potentially violated thereunder through EEO channels. The defendant maintained this position and continued its practice of age discrimination in the DBP even after it hired U.S. citizens locally resident in Germany beginning in 1992 (enabled by US legislation). The defendant denied retirement benefits to many locally employed U.S. citizens, including myself, based on prohibited age discrimination until it terminated the DBP completely in January 2015 and only after such age eligibility provisions were declared illegal and invalid under Germany anti-discrimination law, the *Allgemeines Gleichbehandlungsgesetz, AGG* by federal labor law.

The defendant not only discriminated against me and like-situated employees by denying eligibility for the DBP during my employment but also by failing to pay benefits since I reached the age of 65 (entitlement date under DBP) and into present during my retirement, thus continuing the discrimination.

2.) Claim under the German AGG Law:

In addition to illegally discriminating against U.S. citizens in violation of the ADEA, the defendant illegally discriminated against all locally employed staff (LE Staff), including myself, under the governing local law of Germany (which the defendant itself applies in its local employment contracts with residents of Germany). This contrasts to defendant's employment relations with U.S. civil servants and foreign service employees which are subject to the law and regulations of the United States only. In particular, the defendant denied DBP eligibility and benefits to me and all other LE Staff, regardless of citizenship, who commenced employment with the defendant after reaching the age of 45. The defendant believed and held that the age-based eligibility for the DBP complied with the governing local law. However, such age-based eligibility requirements were found invalid and void in violation of the AGG (see above) in a landmark decision by Germany's federal labor court (BAG, Urteil vom 18.03.2014, Az: 3 AZR 69/12) (Federal Labor Court, Decision of March 18, 2014). The German court ordered the defendant in that case to pay retirement benefits denied to the plaintiff by exclusion through the age-based eligibility provision of the plan in question.

Following this decision, the defendant Department of State/Mission Germany terminated the DBP on January 25, 2015. It did not replace the DBP until April 1, 2019 (after my retirement), when it implemented a new retirement plan, known as the Defined Contribution Plan (DCP). Significantly, the new DCP omits any age-based limitation for eligibility as found in the DBP.

The defendant not only discriminated against me and like situated employees by denying eligibility for the DBP during my employment but also by failing to pay benefits since I reached the age of 65 (entitlement date for under the DBP) and into the present during my retirement, thus continuing the discrimination.

**Patricia J. Ohlund**
Fritschestrasse 47, 10627 Berlin, Germany
Tel: 0049 - 30 323 7795
Email: patti_ohlund@hotmail.com

**Section V. Administrative Procedures / Dates of filing Charges with Government Agency:**

1. With defendant agency, U.S. Department of State (EEO):
   - EEO Counseling: July 21, 2020
   - Informal Complaint: July 23, 2020

2. With Office of Civil Rights (EEOC):
   - Formal Complaint: August 24, 2020
   - Appeal: November 11, 2020
   - Request for Reconsideration: March 24, 2021




**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Patricia J. Ohlund, a/k/a
Lorriane L.,[1]
Complainant,

v.

Antony Blinken,
Secretary,
Department of State,
Agency.

Request No. 2021002563

Appeal No. 2021001196

Agency No. DOS-0284-20

DECISION ON REQUEST FOR RECONSIDERATION

Complainant timely requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in Lorriane L. v. Dep't of State, EEOC Appeal No. 2021001196 (February 23, 2021). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. § 1614.405(c).

On August 24, 2020, Complainant filed an EEO complaint alleging that the Agency discriminated against her based on age because throughout her employment she was ineligible, due to being hired after her 45th birthday, to participate in the Mission Germany Retirement Benefit Plan/Defined Benefit Plan (DBP) for LE Staff.

The Agency dismissed the complaint for untimely EEO counselor contact. Complainant appealed, and the Commission's prior decision affirmed the Agency's decision.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

In her request, Complainant provides no evidence to warrant granting her request. The Commission emphasizes that a request for reconsideration is not a second appeal to the Commission. Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110) (Aug. 5, 2015), at 9-18; see, e.g., Lopez v. Dep't of Agric., EEOC Request No. 0520070736 (Aug. 20, 2007). Rather, a reconsideration request is an opportunity to demonstrate that the appellate decision involved a clearly erroneous interpretation of material fact or law, or will have a substantial impact on the policies, practices, or operations of the Agency. Complainant has not done so here.

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 2021001196 remains the Commission's decision. There is no further right of administrative appeal on the decision of the Commission on this request.

COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests.

Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

November 4, 2021
Date

Patricia Ohlund
Fritschestrasse 47
10627 Berlin, Germany
Email: patti_ohlund@hotmail.com

Director
Office of Federal Operations (OFO)
Equal Employment Opportunity Commission
131 M Street, NE
Washington, DC 20507

March 24, 2021

**Sent via Certified Mail**

**REF:** Request for reconsideration of EEOC (the "Commission") Decision in Matter of Patricia J. Ohlund, a/k/a Lorraine L. v. Anthony Blinken, Secretary of State, Agency with statement/brief including arguments and evidence to support Commission's reconsideration of Appellate Decision on Appeal No. 2021001196 to FAD on Agency No. DOS-0284-20, dated February 23, 2021

Dear Director Hadden,

I respectfully request the Commission to reconsider its above-referenced decision because of erroneous interpretation of material facts and law and the decision will have a substantial impact on the policies, practices, or operations of the agency as follows:

*Erroneous Interpretation of Material Facts and Law:*

1) I was not aware of and could not be aware of the "discriminatory action" complained of here due to the Agency's creating and implementing a plan which was designed and intended for non-U.S. citizen LE Staff, overwhelmingly German citizens (but also including 3rd country nationals), legally resident in Germany on the premise that local law and not U.S. law, applied to all employees subjected to it. The Defined Benefit Plan (DBP), with its express age-based discrimination provision excluding those over 45 years of age, was created and implemented years after the effective date of the Age Discrimination in Employment Act of 1967. Mission Germany and the Agency, with the approval of extensive in-house legal resources, counseling and vetting as a U.S. Government entity, created the DBP in full knowledge of its inconsistency with the ADEA on its face. It is unreasonable and not credible that the Agency was unaware of the incompatibility of the DBP with the ADEA of itself. No pension plan with relevant and obvious age discrimination, as found in the DBP, has been or would have been created for Agency's U.S. based employees after the ADEA. The age provisions of the DBP, if applied in the U.S., would be immediately and obviously declared in violation of the ADEA. The only credible explanation for this flagrant, cognizant ignoring of the requirements of the ADEA by the Agency is that the Agency assumed, held, and promulgated consistently to LE Staff without exception, the belief that U.S. age discrimination law and practice (including time limitations for seeking EEO

counseling and other procedural regulations) did not apply in its relations and practices with locally employed staff, regardless of citizenship of such staff. Thus, through consistent application of this position, the Agency preempted, precluded, and prevented recourse to the EEO process (including any procedural time limitations) by U.S. citizens, in advance, in all matters connected with the DBP.

This fact explains why no U.S. victim of the discriminatory practice by Mission Germany, including myself, sought EEO counseling prior to July 2020 – U.S. age discrimination law and EEO channels were systematically excluded from all matters and questions related to the DBP.

2) There could be no knowledge of a prohibited "discriminatory action" as defined under the ADEA when the ADEA was excluded from application in the case of the DBP *a priori*. All LE Staff were consistently told that no "discriminatory action" could take place or could be actionable as the DBP complied fully with applicable local employment law. It was not until 2014, just months before the DBP itself was suspended by Mission Germany that Germany's highest labor court held that such age limits in private pension plans violated German anti-discrimination law and were thus invalid. To be emphasized here is that only German law conformity was considered and only under this perspective was the DBP suspended.

3) For this reason, I was also not aware of the 45-day time limit for seeking EEO counseling in this matter, even after my retirement. In every instance detailed in the record or submission where the possibility of or subject of age discrimination in connection with the DBP under local law was raised with Agency and Mission Germany no mention or reference whatsoever was made to the EEO process, or, in particular, to the 45-day time limit for seeking EEO counseling. The EEO channel was never part of or made relevant to these discussions, again on the presumption that EEO recourse had no application to this issue.

The mere fact that the Agency had at certain times posted information relevant to EEO matters on its intranet and occasionally issued Mission Staff Announcements which mention same cannot be construed to convey awareness of the time limit, especially when the Agency held and communicated openly that the EEO channel was not available for matters related to the DBP. This fact accounts for the uncontested statements by supervisors and responsible Agency officials that the 45-year age limitation for eligibility in the DBP was a requirement of German law, regulations, and insurance and actuarial practice. That the Agency/Mission exempted EEO law and channels from any application here and itself from all responsibility for implementation of the 45-year age limit for participation in the DBP is revealed multiple times in statements of record here, e.g.:

+ In 2010, when questioned why admittance to the DBP was not available to LE Staff over 45 years of age, Minister-Counselor for Management Affairs Kaara Ettesvold explained that this stipulation was required by the German insurance provider ERGO, not the State Department (Mission Germany/U.S. Government) and Mission Germany had no control over this regulation.

+ In 2016 during a monthly meeting with the LEA, MGT and HR, Mission Germany HRO Dare Morgan stated that all German employers are allowed to set an age limit to pension plans.

Nor can retirement be held to impart knowledge of an actionable discriminatory action which was not even identifiable as such while I was actively employed. It was only long after my retirement, within meetings held with LEA members on June 23, 2020 that even the possibility of a violation of U.S. Anti-Age Discrimination Law and EEO channels were considered. As no active EEO counselor was available in Mission Germany due to Direct Hire turnover and pending EEO training, I contacted the EEO in Washington DC directly. It was my hope that the EEO could assist with my case as the only other alternative would be to seek legal counsel in a civil suit in the U.S.

It was during my EEO counseling in July 2020 that Ms Mbenna informed me of the 45-day time limit on filing an EEO Complaint. I confirmed that I was unaware of this limit but considered it not to be valid in my case as every month that passes without receiving a pension benefit is reason for a new EEO complaint.

4) I did not know, and it could not have reasonably been known that a discriminatory matter occurred. To the best of my knowledge, hundreds of current and former LE Staff of the Mission have been and are still excluded from the DBP on the basis of the 45-year age limitation for eligibility. All LE Staff and the LEA accepted the position of the Mission and Agency that the DBP did not violate applicable local age discrimination law and that any challenge to that would have to be pursued though local employment processes. Contrary to the Agency's position, under this overwhelming prevailing environment, it would have been unreasonable for me to suspect that unlawful discrimination under U.S law had occurred.

5) Even when State Cable 21066 was issued, it was not made clear at all what the position of the Agency took with respect to the 45-year age limitation in the RBP. The response in no way distinguishes between LE Staff based upon citizenship and is directed to all LE Staff and again assumes local law and procedures to apply. The complaint filed with the German labor court by a fellow German LE Staff member was pursued only under German law and the much later enacted German Law for Equal Treatment (*AllgemeinesGleichbehandlungsgesetz*). When encouraged to pursue remedy in the U.S. on this issue by a local attorney, this was only with respect to overcoming the defense of sovereign immunity used by the Agency to prevent a hearing in German courts on the merits of the case under German law. Thus, I could not and should not have reasonably known that the discriminatory matter or action occurred.

6) The Agency and Mission Germany precluded and prevented U.S. citizen LE Staff from knowing of a discriminatory action and made it impossible for U.S. Citizen LE Staff to even have a reason to know that a discriminatory action may have occurred under the ADEA or to complain of such rights potentially violated there under through EEO Channels, or the time limits associated therewith.

The Agency's position with respect to the 45-year age limit for eligibility into the DBP stands in sharp contrast to its position, actions and communications with respect to mandatory retirement age for U.S. citizens.

Under German law and practice, employers may require employees to end their employment service at the age of entitlement to full statutory retirement benefits as foreseen by the German *RV-Altersgrenzenanpassungsgesetz*: The Mission and the Agency

apply this practice which is reflected in the April 1, 2016 LE Staff Handbook provisions 12.1. On October 12, 2012 (see attached) State Department issued Cable 12 STATE 103466, ‘Moratorium on Separating LE Staff who are US Citizens for age’. This cable states that “The Department is conducting a review of separation for age policies world-wide as they affect locally employed US Citizens. During this review the Department has placed a moratorium on separating LE Staff who are US Citizens for age. Effective immediately, LE Staff US Citizens should not be involuntarily separated for age per post’s separation for age plan.”

The issuance of the above referenced Cable regarding separation policy for U.S. citizens and the actions taken by Mission Germany there under, and their failure to take any comparable corrective action with respect to the 45-year age limit in the DBP, proves that the Agency and Mission held the 45-year age limit for eligibility in the DBP plan to be outside of U.S. age discrimination law and the EEO channels for all LE Staff, subject only to local law, remedies and procedures.

Under this premise, U.S. citizen LE Staff had no possibility for knowing that a discriminatory action occurred, was actionable, or could be complained of under the ADEA or through EEO channels. The application of time limits for initiating EEO counseling by the Agency S/OCR or now by the Commission are equally inappropriate, and not compliant with the spirit, standards, practice, or procedures foreseen by U.S. anti-discrimination law. As such, I was prevented from circumstances beyond my control from contacting the Agency EEO counselor prior to July, 2020.

7) For argument purposes only, even assuming that I knew or could reasonably have known of the discriminatory act (which is expressly denied and refuted here), the rational for strict application of the 45-day limitation for contacting an EEO Counselor is not found in the case at hand and application of the 45-day rule is misplaced and inappropriate here. As with any statute of limitations, the purpose of time limit constraints for exercising rights lies in the increasing difficulty of proving and providing evidence of facts relevant to subject matter of dispute and potential for abuse with the passage of time. While there may be some justification for applying a 45-day time limit in cases where an employee is individually discriminated against in a specific employment benefit matter (such a hiring decision, harassment or unknown wage discrepancies based on a prohibited discrimination): that is not the case here. There is no possibility for loss of or obscuring proof, evidence, or testimony here. No testimony or hearing is required. All relevant facts are known and uncontested. The Agency concedes that it created and enforced (and continued to enforce until suspension) the DBP’s explicit age-based provision for eligibility. There is no question that I, the Complainant, as all LE Staff over the age of 45, were excluded from eligibility for DBP Part A. The only question at issue is whether the DBP itself violated US Anti-Age discrimination law and principles.

8) Moreover, the Agency and the Commission have the discretion to extend the 45-day limit for contacting an EEO Counselor pursuant to 29 C.F.R. § 1614.105(a)(2) for other reasons considered sufficient. The reasons articulated in this request for reconsideration, both separately and cumulatively, should be considered sufficient for this purpose. The Agency itself, through its representatives in Mission Germany, systematically blocked and prevented use of EEO channels by removing the question of legality of DBP age requirements from U.S. anti-discrimination coverage and jurisdiction. In good faith, LE Staff members, exclusively through its LE Staff Association and on behalf of all LE Staff members,

regardless of nationality, engaged in an open dialogue with Mission Germany management to consider revision of the 45-year age limitation for DBP eligibility. Throughout these discussions, the Agency/Mission Germany encouraged the LEA to postpone any efforts to initiating any formal or informal procedure, including EEO counseling, to remedy the age limitation because it was itself reviewing changes to the DBP which would address this feature as well. It is important to note here that under local law, which the Agency/Mission Germany applied here, there is no procedural time limit or statute of limitations which might bar remedy for damages caused through a prohibited discriminatory action. Under German law, one is entitled to seek remedy for past damages indefinitely with the only limitation being that damages suffered more than four years prior to the formal claim cannot be awarded. In view of the position taken by the Agency and the Mission that the DBP was subject only to local law, regardless of citizenship, it was only reasonable for all LE Staff to assume that no time limit comparable that found in the EEO channel would apply. This constitutes an additional reason sufficient for the Commission to extend the 45-day time limit in its discretion.

9) With respect to the DBP Part A, there should be no distinction between active employees and retirees as might be the case with DBP Part B. The DBP Part A does not foresee additional contributions or benefits paid by employer with the payment of each paycheck or salary to an eligible employee. Agency/Mission Germany did not make ongoing contributions to DBP Part A eligible employees. An employee, currently employed or retired, who was determined to be non-eligible due to DPB Part A age discrimination is injured only upon the continuing failure to receive pension payments after entitlement and is injured by each omitted or missing pension payment thereafter caused by and based upon the initial discriminatory action of exclusion.

*Substantial Impact on the Policies, Practices, or Operations of the Agency:*

The Commission should reconsider its decision because it will have a substantial impact on the policies, practices, and operations of the Agency. In the case at hand, the Agency created and implemented an employment plan for Mission Germany, and most probably, in many diplomatic missions in other countries, without regard to conformity with the ADEA or its discriminatory impact upon locally employed U.S. citizens in the belief that it complied with and was governed only by local law and employment practice. Only upon learning of potential conflict with local German law through a German labor court decision, did the Agency/Mission Germany suspend the relevant plan in Germany. In other jurisdictions which did not or do not have any legal protection for age discrimination under local law, the Agency might continue to apply plans which violate the letter and spirit of the ADEA, actually or potentially injuring both locally resident US. employees as well as employees of other nationalities. By reversing its decision here, the Commission would impact favorably the Agency's policies, practices, and operations by requiring it to consider the conformity of such policies, plans and operations with the letter and spirit of U.S. Anti-Discrimination law and principles. Failure to reconsider its decision here would equally impact the Agency's policies, practices, and operations but in an opposite, negative manner. For this reason also, I believe the commission should reconsider its decision.

I respectively request the Commission to reconsider their above-referenced decision and my appeal of age discrimination in the DBP by Mission Germany so I may be retroactively admitted to the Mission Germany Defined Benefit Plan (DBP) and, in my case, receive a pension benefit the same as my retired LE Staff colleagues in the DBP.

Regards,

Patricia J. Ohlund

Attachment: Cable 12 STATE 103466, 'Moratorium on Separating LE Staff who are US Citizens for age'

**UNCLASSIFIED**



| | |
|---|---|
| **MRN:** | 12 STATE 103466 |
| **Date/DTG:** | Oct 12, 2012 / 121905Z OCT 12 |
| **From:** | SECSTATE WASHDC |
| **Action:** | KHARTOUM, AMEMBASSY *ROUTINE* ; TRIPOLI, AMEMBASSY *ROUTINE* ; TUNIS, AMEMBASSY *ROUTINE* ; ALL DIPLOMATIC AND CONSULAR POSTS COLLECTIVE *ROUTINE* |
| **E.O.:** | 13526 |
| **TAGS:** | APER, AMGT, AFSN |
| **Subject:** | Moratorium on Separating LE Staff who are US Citizens for age. |

UNCLAS STATE 103466

INFORM CONSULS, FOR ALL HUMAN RESOURCES OFFICERS

E.O. 13526: N/A
TAGS: APER, AMGT, AFSN,
SUBJECT: Moratorium on Separating LE Staff who are US Citizens for age.

1. The Department is conducting a review of separation for age policies world-wide as they affect locally employed US Citizens. During this review the Department has placed a moratorium on separating LE Staff who are US Citizens for age. Effective immediately, LE Staff US Citizens should not be involuntarily separated for age per post's separation for age plan.

2. This moratorium applies only to LE Staff US Citizens, including dual nationals, and does not apply to foreign nationals of the host country, third country nationals or US Green Card Holders. Also, in concert with Separation for Age Plans, we ask that posts suspend any recruitment limitations due to age of US Citizen LE Staff. The moratoriums on both these actions are in effect until further notice.

3. Please contact HR/OE if you have any questions about this policy.

4. Minimize considered.
CLINTON

| | |
|---|---|
| **Signature:** | CLINTON |
| **Drafted By:** | HR/OE:CTHORNTON: MLF -- 10/12/12 202-203-7408 |
| **Cleared By:** | M:SMIRZA, M/PRI:SCURLEY, DGHR:HKLEMM, DGHR:MBERNICAT, HR/OE:JKUSCHNER,HR/OE:CTHORNTON HR/OE/PC:DHUNSEY, HR/PE:BCOLE, EUR-IO/EX:FHELMER, NEA-SCA/EX:LLOHMAN, EAP/EX:DCHRISTENSON, AF/EX:MBREWER, WHA/EX:KRODRIQUEZ S/ES-O: AMACDONALD |
| **Approved By:** | DGHR:LTHOMAS-GREENFIELD |
| **Info:** | |
| **Action Post:** | |
| **Dissemination Rule:** | Archive Copy |

**UNCLASSIFIED**



*U.S. Equal Employment Opportunity Commission*

**Management Directive 110**

# NOTICE OF APPEAL/PETITION - COMPLAINANT

TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
OFFICE OF FEDERAL OPERATIONS
P.O. Box 77960
Washington, DC 20013P

| **Complainant Information: (Please Print or Type)** | |
|---|---|
| Complainant's name (Last, First, M.I.): | **OHLUND, Patricia J.** |
| Home/mailing address: | Fritschestrasse 47 |
| City, State, ZIP Code: | 10627 Berlin, Germany |
| Daytime Telephone # (with area code) | +49 30 323 7795 |
| E-mail address (if any): | patti_ohlund@hotmail.com |
| **Attorney/Representative Information (if any):** | |
| Attorney name: | None at present |
| Non-Attorney Representative name: | None at present |
| Address: | N/A |
| City, State, ZIP Code: | N/A |
| Telephone number (if applicable): | N/A |
| E-mail address (if any): | |
| **General Information:** | |
| Name of the agency being charged with discrimination: | U.S. Mission Germany / Department of State |
| Identify the Agency's complaint number: | Case Number DOS-0284-20 |
| Location of the duty station or local facility in which the complaint arose: | U.S. Embassy, Berlin, Germany |
| Has a final action been taken by the agency, an Arbitrator, FLRA, or MSPB on this complaint? | ☒ Yes Date Received October 13, 2020 (Remember to attach a copy) Copy Attached<br>☐ No<br>☐ This appeal alleges a breach of a settlement agreement |
| Has a complaint been filed on this same matter with the Commission, another agency, or through any other administrative or collective bargaining procedures? | ☒ No<br>☐ Yes (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate) |
| Has a civil action (lawsuit) been filed in connection with this complaint? | ☒ No<br>☐ Yes (Attach a copy of the civil action filed) |

**NOTICE**: Please **attach a copy of the final decision or order** from which you are appealing. If a hearing was requested,

**NOTICE**: Please **attach a copy of the final decision or order** from which you are appealing. If a hearing was requested, please attach a copy of the agency's final order and a copy of the Commission Administrative Judge's decision. Any comments or brief in support of this appeal MUST be filed with the Commission and with the agency **within 30 days** of the date this appeal is filed. The date the appeal is filed is the date on which it is postmarked, hand delivered, submitted, or faxed to the Commission at the address above.

*The comments and documentation in support of this appeal will be filed within 30 days hereof.

Please specify any reasonable accommodations you will require to participate in the appeal process:

*If an in person hearing is necessary, local hotel accommodation will be needed.

| | |
|---|---|
| Signature of complainant or complainant's representative: | [signature] |
| Date: | November 11, 2020 |
| Method of Service on Agency: | Email to: SOCRComplaintChannel@state.gov<br>Fax to: (202) 663 7022 |
| Date of Service: | November 11, 2020 |

**PRIVACY ACT STATEMENT ON REVERSE SIDE.**

**EEOC Form 573 REV 2/09**

**PRIVACY ACT STATEMENT**

(This form is covered by the Privacy Act of 1974. Public Law 93-597. Authority for requesting the personal data and the use thereof are given below)

1. **FORM NUMBER/TITLE/DATE:** EEOC Form 573, Notice of Appeal/Petition, February 2009
2. **AUTHORITY:** 42 U.S.C. § 2000e-16
3. **PRINCIPAL PURPOSE:** The purpose of this questionnaire is to solicit information to enable the Commission to properly and effectively adjudicate appeals filed by federal employees, former federal employees, and applicants for federal employment.
4. **ROUTINE USES:** Information provided on this form may be disclosed to: (a) appropriate federal, state, or local agencies when relevant to civil, criminal, or regulatory investigations or proceedings; (b) a Congressional office in response to an inquiry from that office at your request; and (c) a bar association or disciplinary board investigating complaints against attorneys representing parties before the Commission. Decisions of the Commission are final administrative decisions, and, as such, are available to the public under the provisions of the Freedom of Information Act. Some information may also be used in depersonalized form as a database for statistical purposes.
5. **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION:** Since your appeal is a voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

You may send your appeal to:

**The Equal Employment Opportunity Commission**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

**Fax it to (202) 663-7022 or submit it through the Commission's electronic submission portal.**



United States Department of State
*Office of Civil Rights*
Washington, DC 20520-5806

October 13, 2020

Ms. Patricia Ohlund
Fritschestrasse 47, 10627
Berlin, Germany
**Via e-mail transmission**
Patti_Ohlund@hotmail.com

**Re: EEO Case Number: DOS-0284-20**

Dear Ms. Ohlund:

This is to advise you that, pursuant to 29 C.F.R. § 1614 *et seq.*, your claim of discrimination has been dismissed. This comprises the Department of State's Final Agency Decision dismissing, in its entirety, your formal complaint of discrimination. Specifically, you allege the following:

**DISMISSED ALLEGATION**

**Because of your age, you were discriminated against when you were informed that you were not eligible for benefits under Mission Germany's Retirement Benefit Plan, notwithstanding your employment as a locally employed staff member beginning January 31, 2000 until your retirement effective January 1, 2019.**

Untimely EEO Counselor Contact

Pursuant to 29 C.F.R. § 1614.105(a)(1), a complainant must bring the alleged matter to the attention of an EEO Counselor within 45 calendar days from the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of the action. The provisions of 29 C.F.R. § 1614.107(a)(2) state that the agency shall dismiss a claim that fails to comply with the applicable time limits contained in 1614.105. *See* Wilson v. West, Secretary, Department of Veterans Affairs, EEOC No. 05970497 (June 4, 1999).

The Equal Employment Opportunity Commission (EEOC) generally requires the complainant to establish that she complied with the 45-day time limit. The EEOC regulations provide, however, that the agency or the EEOC may extend the 45-day limit when the complainant produces credible evidence to establish that

she: (1) was not notified of the time limits, and was not otherwise aware of them; (2) did not know and reasonably should not have known that the discriminatory personnel action occurred; (3) was prevented by circumstances beyond her control from contacting the agency EEO counselor within the 45-day limit, despite due diligence; and (4) for other reasons considered sufficient by the agency or EEOC. 29 C.F.R. § 1614.105(a)(2).

The Office of Civil Rights has numerous posted notices of the EEO process on the portion of the Department of State's internet site, as well as intranet (accessible to Department employees) dedicated to employment information. *See* Internet Screenshots. Mission Germany also has EEO contact information on the Embassy's own intranet site. *See* Embassy Berlin's Intranet Screenshots. Even if you did not have actual knowledge of the 45-day limitation, you did have constructive notice of the EEO process sufficiently in advance of the alleged discriminatory personnel action. You fail to qualify for an extension of the 45-day period because you had constructive knowledge of the EEO process.

The EEOC has adopted a "reasonable suspicion" standard for determining the timeliness of the complainant's contact with an EEO Counselor. The time-period for initially contacting an EEO Counselor is triggered when the complainant should have reasonably suspected the alleged discrimination complaint may have become known or apparent. *See* Waller v. Henderson, Postmaster General, U.S. Postal Service, EEOC No. 01980113 (Feb. 18, 1999). You should have reasonably suspected the alleged discrimination upon your retirement on January 1, 2019 because you did not qualify for retirement benefits at that time, notwithstanding your claim that the alleged discrimination is ongoing and occurred as recently as August 24, 2020. *See* Brakeall v. Environmental Protection Agency, 01200093805 (2010), (citing Florida v. Long, 487 U.S. 223, 239 (1988) holding that the receipt of pension checks under a defined benefit plan to be qualitatively different from the receipt of paychecks; and Maki v. Allete, 383 F.3d 740 (8th Cir. 2004), holding that paychecks are for work performed repeatedly whereas the pension structure is applied only once when the employee retires.) Accordingly, you had until February 25, 2019 to timely contact an EEO Counselor.

Even assuming, *arguendo,* that you did not reasonably suspect the alleged discrimination until February 26, 2020 which you state in your Complaint is when post leadership issued 20 STATE 21066 denying retirement benefits to you and similarly situated LE retirees, the last date to communicate timely with an EEO Counselor would have been April 6, 2020. You did not request EEO Counseling until July 21, 2020. Accordingly, the above allegation occurred outside of the 45-



/

day period for timely contacting an EEO Counselor and you fail to qualify for an exception of the 45-day period. Thus, your above allegation is untimely, and therefore, must be dismissed in accordance with 29 C.F.R. § 1614.107(a)(2).

Failure to State a Claim/No Loss of a Term or Condition of Employment

Furthermore, pursuant to 29 C.F.R. § 1614.107(a)(1), an agency shall dismiss an allegation that fails to state a claim. An agency shall accept a complaint from any aggrieved employee or applicant for employment who believes that he or she has been discriminated against by that agency because of race, sex, religion, national origin, age, disability, genetic information, prior protected activity, or opposition to illegal discriminatory practices. 29 C.F.R. §§ 1614.103 or 1614.106(a). The EEOC's federal sector case precedent has defined an "aggrieved employee" as one who suffers a present harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy. *See* Diaz v. Department of the Air Force, EEOC Request No. 05931049 (Apr. 21, 1994).

Upon the Commencement of you employment, beginning January 31, 2000, as an LES for Mission Germany, you received and signed a copy of the LCP. The LCP details the compensation plan for LE staff, including eligibility for retirement benefits. At the commencement of your employment, you were not eligible for retirement benefits. Nonetheless, you signed the LCP and began your employment with the Embassy. Your continued ineligibility for retirement benefits does not constitute a loss of a term, condition, or privilege of employment because you were never entitled to retirement benefits, which you acknowledged prior to employment.

Failure to State a Claim/Lack of Subject Matter Jurisdiction

Jurisdiction of the administrative EEO complaint process is limited by laws and regulations to those overseen by the Equal Employment Opportunity Commission (EEOC). The EEOC has jurisdiction over discrimination claims arising under one of the following statutes: Title VII of the Civil Rights Act of 1964 (Title VII), The Pregnancy Discrimination Act, The Equal Pay Act of 1963 (EPA), The Age Discrimination in Employment Act of 1967 (ADEA), Title I of the Americans with Disabilities Act of 1990 (ADA), Sections 102 and 103 of the Civil Rights Act of 1991, Sections 501 and 505 of the Rehabilitation Act of 1973, and The Genetic Information Nondiscrimination Act of 2008 (GINA). See, 29 CFR § 1614. Your Complaint does not arise under one of the foregoing authorities.



/

Your Complaint raises issues of retirement benefits for Locally Employed Staff (LE) which arise under the Foreign Service Act (FSA). The FSA addresses Local Compensation Plans (LCP) for Locally Employed Staff (LES) and provides that, "(t)o the extent consistent with the public interest, each compensation plan shall be based upon prevailing wage rates and compensation practices (including participation in local social security plans) for corresponding types of positions in the locality of employment…" 22 USC § 3968, Pub. Law 96-465 (1980) Moreover, "(a)ny compensation plan established under this section ***may*** include provision for,… payments by the Government and employees to a trust or other fund in a financial institution in order to finance future benefits for employees, including provision for retention in the fund of accumulated interest for the benefit of covered employees." *Id.*, (emphasis added).

In accordance with the Foreign Service Act, the LCP documented at each overseas post, including those within Mission Germany. As discussed below, you signed the LCP when you began your employment with Mission Germany and properly grieved the LCP provisions in accordance with 3 FAM 7740. Accordingly, the EEOC lacks jurisdiction to decide the allegations you raise in your Complaint, and thus your complaint must be dismissed for failure to state a claim, in accordance with 29 C.F.R. § 1614.107(a)(1).

Failure to State a Claim/The Claim has already been decided by the Department of State

An agency may dismiss an entire complaint for any of the following reasons: (1) failure to state a claim, or stating the same claim that is pending or was decided by the agency or the EEOC. 29 C.F.R. Section 1614.107(a)(1). Your complaint states the same claim that was already decided by the Agency and for which you have already received a decision. The Agency's Foreign Affairs Manual provides a mechanism for resolving your claim. See 3 FAM 7740 (LE Grievance Procedures). The LCP under which you were hired is grievable. 7 FAM 7743. Moreover, the 7 FAM provides detailed procedures including the convening and composition of a grievance board at the relevant post and an appeal process which involves the chief of mission or his/her designee. You have availed yourself of this process as mentioned in your Complaint, "(I)n meetings with DCM (Deputy Chief of Mission) Robin Quinville, HRO (Human Resource Officer) Robert Ruehle and the LE (Locally Employed) Association's Pension Plan Subcommittee beginning in November 2019, the Subcommittee requested review of the complaints by LE Staff due to age discrimination and the possibility of retroactive inclusion of these employees in the RBP. In a response cable, 20 STATE 21066 dated February 26,

2020, this request was declined." You may not collaterally attack an Agency grievance proceeding through the EEO process. Hutchins v. Postmaster General, 01A53070 (2005). Accordingly, the decision the Agency provided stands.

Your above allegation is untimely and must be dismissed in accordance with 29 C.F.R. § 1614.107(a)(2). Even if your allegation was timely, the EEOC lacks jurisdiction to determine the claim and your Complaint fails to state a claim. Accordingly, your Complaint is dismissed pursuant to 29 C.F.R. § 1614.107.

This constitutes the Department of State's Final Agency Decision. You have the right to appeal this dismissal. Your appeal rights follow:

**APPEAL RIGHTS AND TIME LIMITS (29 C.F.R. §§ 1614.401-403)**

If you are dissatisfied with the Department's decision to dismiss your complaint, you may appeal in writing, using the enclosed EEOC Form 573. Until further notice, Office of Federal Operations does not have access to U.S. Mail; rather, they ask that all submissions and communications from both agencies and complainants be digital, via the Public Portal/FEDSEP. You can access this at https://publicportal.eeoc.gov/Portal/Login.aspx. A copy of EEOC Form 573 must also be furnished to the Director, Office of Civil Rights, Department of State, SOCRComplaintChannel@state.gov.

You may file a Notice of Appeal within **30 calendar days** after receipt of this decision. An appeal shall be deemed filed on the date it is postmarked, or in absence of a postmark, on the date it is received by the Commission. In or attached to your appeal to the Commission, you must certify the date and method by which you provided a copy of the appeal to the Department of State. Any statement or brief in support of the appeal must be submitted to both the Director of the Office of Federal Operations, Equal Employment Opportunity Commission and the Director, Office of Civil Rights, Department of State, within **30 calendar days of** filing the Notice of Appeal.

If your appeal is not filed within the 30-day time limit, it will be considered untimely and shall be dismissed by the Commission.

In lieu of the above, you may elect to file a civil action. A complainant who has filed an individual complaint, an agent who has filed a class complaint, or a claimant who has filed a claim for individual relief pursuant to a class complaint, is

authorized under Title VII, the ADEA, and the Rehabilitation Act to file a civil action in an appropriate United States District Court:

**RIGHT TO FILE A CIVIL ACTION (29 C.F.R. § 1614.407)**

(a) Within **90** days of receipt of the final decision on an individual or class complaint if no appeal has been filed;

(b) After **180** days from the date of filing an individual or class complaint if an appeal has not been filed and a final decision has not been issued;

(c) Within **90** days after receipt of the Commission's final decision on an appeal; or

(d) After **180** days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

The filing of a civil action will terminate further administrative processing of the complaint. If you file a private suit subsequent to filing an appeal, you must notify the EEOC in writing. Any suit filed must name the proper defendant. The proper defendant for a complaint filed against the Department of State is Michael R. Pompeo, Secretary of State.

If you need information or assistance at any stage of the processing of your complaint, please contact Ardena Brown, the EEO Specialist assigned to your case, or Erica Hall, Acting Chief, Intake and Resolution section, at SOCRComplaintChannel@state.gov.

Sincerely,

Corrin M. Ferber

Corrin M. Ferber
Attorney Adviser
Office of Civil Rights

Enclosures:
Internet Screenshots
EEOC Appeal Form 573



/



**United States Department of State**
***Office of Civil Rights***
**Washington, DC 20520**

August 28, 2020

Patricia Ohlund
patti_ohlund@hotmail.com

**Re: EEO Case No. DOS-0284-20**

Dear Ms. Ohlund:

Pursuant to 29 C.F.R. § 1614.106(e), this serves to acknowledge that on August 24, 2020, the Department of State's Office of Civil Rights received your *Formal Complaint of Discrimination*.

We will review your discrimination complaint for acceptance or dismissal. In accordance with 29 C.F.R. § 1614.106(e)(1), you will have the right to appeal the final action on or dismissal of the complaint. If your complaint is accepted, we are required to conduct an impartial and appropriate investigation within 180 calendar days from your filing of the complaint, unless you and the Department agree in writing to extend the 180-day time period. However, when a complaint has been amended, we shall complete the investigation within the earlier of 180 days after the last amendment or 360 days from your filing of the original formal complaint. Please note that you may request a hearing from an administrative judge with the Equal Employment Opportunity Commission (EEOC) any time after 180 days from your filing of the original formal complaint, via EEOC's Public Portal: https://publicportal.eeoc.gov/Portal/Login.aspx, or by mail or fax to:

Equal Employment Opportunity Commission
Hearing Unit - Washington Field Office
One NoMa Station
131 M St., NE, 4th floor, Suite 4NWO2F
Washington, D.C. 20507-1002
Fax # (202) 419-0739/0740

Once the investigation is completed, you will receive a Report of Investigation (ROI) with notification of further procedural rights. Within 30 calendar days (including weekends and holidays) of your receiving the ROI, you may request an EEOC hearing or a Final Agency Decision (FAD) from the U.S. Department of State. Alternatively, you may file a civil action in U.S. District Court.

If you have any questions, please contact case manager Ardena Brown, BrownAM7@state.gov

Sincerely,

Wendy Herring
Intake and Resolution Section



U.S. Department of State

Office of Civil Rights (S/OCR)

# FORMAL COMPLAINT OF DISCRIMINATION

| PRIVACY ACT STATEMENT (5 U.S.C. § 552(a)) | |
|---|---|
| AUTHORITY | Public Law 92-261 |
| PRINCIPAL PURPOSE | Used for processing complaints of discrimination because of race, color, national origin, sex (including pregnancy and gender identity), religion, age, physical or mental disability, genetic information, sexual orientation, or reprisal for prior EEO activity or opposition to illegal discrimination. Complaints can be submitted by Department of State employees, former employees, applicants for employment, and some contract employees. |
| ROUTINE USES | Information will be used (a) as a data source for complaint information for production of summary descriptive statistics and analytical studies of complaints processing and resolution efforts; (b) to respond to general requests for information under the Freedom of Information Act; (c) to respond to requests from legitimate outside individuals or agencies (White House, Congress, Equal Employment Opportunity Commission) regarding the status of a complaint or appeal; or (d) to adjudicate a complaint or appeal. |
| DISCLOSURE | Voluntary, however, failure to complete all appropriate portions of this form may lead to a delay in processing and/or rejection of the complaint on the basis of inadequate data to continue processing. |

## COMPLAINANT CONTACT/PERSONAL INFORMATION

1. Name *(Last, First, MI.)*: OHLUND Patricia J.

2. U.S. Citizen: [X] Yes [ ] No

3. Home Telephone *(Include area code or country code if overseas)*: +49 30 323 7795

4. Home E-Mail Address: patti_ohlund@hotmail.com

5. Mailing Address *(Include ZIP code, if applicable)*: Fritschestrasse 47, 10627 Berlin, Germany

6. Work Telephone *(Include area code or country code if overseas)*:

7. Work E-Mail Address: Retired

8. Work Address: Former: U.S. Embassy, Pariser Platz 2, 10117 Berlin, Germany

9. Are you working for the Federal government? [ ] Yes [ ] No

10. Aggrieved is a(n): [ ] Employee [ ] LE Staff [X] Other *(Specify)* Retired LE Staff
[ ] Applicant [ ] *Contractor - You must provide a copy of your hiring contract at the same time you file this complaint

11. Title and Grade of Current Position: Assistant to the Minister Counselor for MGT Affairs, Grade 8

12. Current Employer: Retired: U.S. Embassy Berlin, Mission Germany

## REPRESENTATIVE/ATTORNEY INFORMATION

13. Do you have a representative? [ ] Yes [X] No

14. If yes, provide name of representative.

15. Is your representative an attorney? [ ] Yes [X] No

16. Address

17. Telephone *(Include area code)*

18. E-Mail

## COMPLAINT INFORMATION

19. Bureau/Office/Post Where Discrimination Allegedly Took Place: U.S. Department of State/ HR/ U.S. Embassy Berlin, Germany

20. Date(s) Alleged Discrimination Occurred

| 10-15-2005 | | – through – | | 08-24-2020 |
|---|---|---|---|---|
| *(mm-dd-yyyy)* | *(mm-dd-yyyy)* | *(mm-dd-yyyy)* | *(mm-dd-yyyy)* | *(mm-dd-yyyy)* |

21. Why do you believe you were discriminated against? *(Check all that apply and specify.)*

- [ ] Race
- [ ] Color
- [x] Age *(mm-yyyy)* 01-1952
- [ ] Genetic Information
- [ ] National Origin
- [ ] Religion
- [ ] Sex
  - [ ] Pregnancy
  - [ ] Gender Identity
  - [ ] Sexual Orientation
- [ ] Disability *(Check all that apply and specify)*
  - [ ] Mental
  - [ ] Physical
- [ ] Reprisal *(Provide date. Check all that apply, and specify)*

  Date *(mm-dd-yyyy)*
  - [ ] Engaging in prior protected activity *(Specify)*
  - [ ] Opposing discriminatory policies or practices *(Specify)*
- [ ] Other *(e.g., Veteran's preference, marital status, etc.)*

22. Did you discuss your complaint with an EEO Counselor?

[x] Yes [ ] No

| 23. Name of EEO Counselor | 24. Date Notice of Right to File Received *(mm-dd-yyyy)* |
| --- | --- |
| Vella G. Mbenna, EEO Manager | 08-14-2020 |

25. Explain specifically how you were discriminated against (treated differently from other employees or applicants) because of your race, color, national origin, sex, religion, age, physical or mental disability, protected genetic information, sexual orientation, or reprisal for prior EEO activity or opposition to illegal discrimination.

*(Space will expand to fit. Attach additional sheets if necessary. To print the additional pages (addendum), check the print addendum box in the right hand corner of the print dialog box.)*

Please see attached Formal EEO Complaint Summary to Form DS-3079.

26. What remedies and relief are you seeking?

*(Space will expand to fit. Attach additional sheets if necessary. To print the additional pages (addendum), check the print addendum box in the right hand corner of the print dialog box.)*

That I be retroactively included in the Mission Germany Retirement Benefit Plan, as entitled by law, and paid all past, present and future benefits due but denied by Mission Germany by reason of prohibited age descrimination.

27. Have you filed a grievance on the matter(s)?

[x] No [ ] Yes Grievance Date Filed *(mm-dd-yyyy)*

28. Have you filed an appeal with Merit Systems Protection Board (MSPB) on the matter(s)?

[x] No [ ] Yes Appeal Date Filed *(mm-dd-yyyy)*

| 29. Complainant's Signature | Date *(mm-dd-yyyy)* |
| --- | --- |
| [signature] | 8/24/2020 |

Patricia Ohlund
Fritschestrasse 47,
10627 Berlin, Germany

## Attachment: Formal EEO Complaint Summary Form DS-3079 / # 25

**Formal EEO Complaint:**
Age discrimination in violation of US and German law by Mission Germany to the disadvantage of current and former Mission LE employees in connection with the ERGO Retirement Benefit Plan (RBP).

**Background:**
Mission Germany entered into contract with Victoria Lebensversicherung AG Düsseldorf (Victoria), on June 29, 1969 to provide a Retirement Benefit Plan (RBP) with end of service benefits to eligible LE Staff. The contract with Victoria was transferred to the ERGO Group AG as part of the acquisition of Victoria's parent company by ERGO in 1997. The specific terms and conditions of the RBP were set forth in the LE Handbook and thus made part of Mission Germany's employment relations with LE staff until January 25, 2015, when Mission Germany unilaterally terminated the RBP. After that date, Mission Germany suspended eligibility/enrollment for all LE employees entering service until the RBP was replaced with another plan, the ERGO Defined Benefit Plan (DBP), which became effective on April 01, 2019. Employees originally covered under the RBP are either grandfathered under the DBP without prejudice to their benefits or, if end of service was reached, receive RBP benefits as provided.

Despite the passage of the Age Discrimination in Employment Act of 1967, as amended (ADEA) in the United States making discrimination in employment of persons over the age of 40 unlawful and invalid, the RBP excluded from eligibility LE Staff who entered U.S. Mission Germany service after reaching 45 years of age, even prior to its termination on January 25, 2015. Thus, these employees, active or retired, including the undersigned, continue to be excluded under the RBP.

No action was ever taken by Mission Germany to remedy the illegality of the RBP or to make it conform to the principles, and provisions of the ADEA, despite continued and repeated efforts by injured excluded LE employees and the Mission Local Employee Association (LEA) to have this addressed. Thus, Mission Germany knowingly violated the ADEA, engaged in prohibited age discrimination and continues to do so by denying RBP benefits for LE staff based on the age of service entry requirement.

Similar to the US, Germany implemented an EU Directive which prohibits unjust discrimination in employment through enactment of the law for equal treatment (*Allgemeines Gleichbehandlungsgesetz, AGG*) in effect in Germany since 2006. Generally, this law prohibits any discrimination because of age (in addition to other prohibited criteria), (Section 7 AGG). Again, Mission Germany made no attempt to and did not amend the RBP to conform with local anti-age discrimination law despite of repeated efforts by injured LE staff and the LEA. Thus, Mission Germany continues to violate both US and European/German anti-discrimination law so long as the RBP is implemented with its age of service entry limitation. In a decision by the highest German labor court on March 18, 2014 (3 AZR 69/12) and again in January 25, 2015, retirement benefit plans with such age of service entry requirements were declared illegal and invalid, and awarded benefits retroactively to former

Patricia Ohlund
Fritschestrasse 47,
10627 Berlin, Germany

employees who were similarly excluded from eligibility due to age at commencement of employment.

Curiously, the DBP which replaced the RBP, does not contain any such age of service entry eligibility requirement, implying that Mission Germany recognized the illegality and invalidity of the RBP. Also, the unilateral termination of the RBP on January 25, 2015 implies that its termination was made, at least in part, in order to discontinue a practice clearly declared illegal by Germany's highest court exactly on that date.

Several current and former LE Staff seek and have sought to enforce their rights through claims filed with the responsible German labor courts and to obtain a due hearing on the merits of their claims. Mission Germany and the State Department, however, through its legal counsel, have blocked such hearings on the substantive issue by arguing that the German courts have no jurisdiction over the employment relations with LE Staff of diplomatic missions due to state immunity.

Lower German courts have accepted this state immunity challenge to jurisdiction and dismissed several cases on the basis of lack of jurisdiction. However, this ground for lack of jurisdiction has been overturned in the context of several employment disputes by local employees of diplomatic missions not exercising true sovereign duties, as in violation of Article 6 of the European Convention on Human Rights (the right to a fair trial), comparable fundamental rights under EU treaties and accepted public international law. The application of sovereign/state immunity has thus been drastically limited by the European Court of Human Rights and other courts.

In meetings with DCM Robin Quinville, HRO Robert Ruehle and the LE Association's Pension Plan Subcommittee beginning in November 2019, the Subcommittee requested review of the complaints by LE Staff due to age discrimination and the possibility of retroactive inclusion of these employees in the RBP. In a response, cable 20 STATE 21066 dated February 26, 2020, this request was declined. No mention was made in this cable of the complaint of age discrimination! When asked by the Subcommittee, HRO Ruehle responded that this was the 'consideration' when responding to our questions.

Mission Germany's HR argues that all LE staff accepted the RBP, including the age discrimination provision, by signing or acknowledging the application of the Local Employee Handbook, which is inaccurate. However, such argument misses the point: that age discrimination provisions of this nature are inherently illegal, against legislative and administrative policy and de jure invalid, whether the injured party agrees to or not. Moreover, the undersigned injured employees were in fact, never explicitly made aware of their exclusion from eligibility under the RBP and only became aware of the illegal discrimination vis a vis their younger co-workers, post-employment.

Mission Germany LE Staff have been consistently reminded and called upon in the Department, and rightfully so, to uphold equal employment opportunity principles by promoting fairness, equity, and inclusion in the workplace and to help ensure a workplace free of discrimination. EEO laws protect employees from discrimination based on race, color, religion, sex, national origin, age, disability, and genetic information.

Patricia Ohlund
Fritschestrasse 47,
10627 Berlin, Germany

Ambassador Philip Reeker, Deputy Assistant Secretary of State for European and Eurasian Affairs shared with us most recently in June 2020, that "discrimination in any form is absolutely unacceptable and has no place in our Bureau, Department, and society. It is incumbent on all of us to be vigilant and report such behavior and to engage our institutions to respond when they occur. This country believes in the rule of law and we need to all do our part. These are issues for all of us."

**Formal EEO Complaint Action Request:**

That I be retroactively included in the Mission Germany Retirement Benefit Plan as is my legal right and paid all past, current and future benefits due under the RBP.

**Signed:**

Patricia Ohlund, former employee of Embassy Berlin, retired

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Patricia J. Ohlund

(full name of the plaintiff or petitioner applying (each person must submit a separate application))

-against-

Anthony Blinken, in his official capacity as the Secretary of the U.S. Department of State

(full name(s) of the defendant(s)/respondent(s))

____ CV ________ ( ) ( )

(Provide docket number, if available; if filing this with your complaint, you will not yet have a docket number.)

## APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS

I am a plaintiff/petitioner in this case and declare that I am unable to pay the costs of these proceedings and I believe that I am entitled to the relief requested in this action. In support of this application to proceed *in forma pauperis* (IFP) (without prepaying fees or costs), I declare that the responses below are true:

1. *Are you incarcerated?* ☐ Yes ☒ No (If "No," go to Question 2.)
   I am being held at: ________

   Do you receive any payment from this institution? ☐ Yes ☒ No

   Monthly amount: ________

   If I am a prisoner, *see* 28 U.S.C. § 1915(h), I have attached to this document a "Prisoner Authorization" directing the facility where I am incarcerated to deduct the filing fee from my account in installments and to send to the Court certified copies of my account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b). I understand that this means that I will be required to pay the full filing fee.

2. Are you presently employed? ☐ Yes ☒ No

   If "yes," my employer's name and address are:

   Gross monthly pay or wages: ________

   If "no," what was your last date of employment? December 3, 2018

   Gross monthly wages at the time: ca.6000 $

3. In addition to your income stated above (which you should not repeat here), have you or anyone else living at the same residence as you received more than $200 in the past 12 months from any of the following sources? Check all that apply.

   (a) Business, profession, or other self-employment ☐ Yes ☒ No
   (b) Rent payments, interest, or dividends ☐ Yes ☑ No

| | | |
|---|---|---|
| (c) Pension, annuity, or life insurance payments | ☒ Yes | ☐ No |
| (d) Disability or worker's compensation payments | ☐ Yes | ☑ No |
| (e) Gifts or inheritances | ☐ Yes | ☒ No |
| (f) Any other public benefits (unemployment, social security, food stamps, veteran's, etc.) | ☑ Yes | ☐ No |
| (g) Any other sources | ☐ Yes | ☑ No |

If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.

US Social Security:$1800; German Social Security:$450; IRS (OPM) pension: $180 / Husband: US SocSec: $900; German SocSec: $300

If you answered "No" to all of the questions above, explain how you are paying your expenses:

4. How much money do you have in cash or in a checking, savings, or inmate account?

$1500

5. Do you own any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value, including any item of value held in someone else's name? If so, describe the property and its approximate value:

Automibile: $20,000; Jewelry: $500

6. Do you have any housing, transportation, utilities, or loan payments, or other regular monthly expenses? If so, describe and provide the amount of the monthly expense:

See Attached

7. List all people who are dependent on you for support, your relationship with each person, and how much you contribute to their support (only provide initials for minors under 18):

See Attached

8. Do you have any debts or financial obligations not described above? If so, describe the amounts owed and to whom they are payable:

See Attached

*Declaration:* I declare under penalty of perjury that the above information is true. I understand that a false statement may result in a dismissal of my claims.

February 3, 2022 — Dated

Patricia J. Ohlund — Signature

OHLUND, Patricia J. — Name (Last, First, MI)

Prison Identification # (if incarcerated)

Fritschestrasse 47 — Address | Berlin — City | Germany — State | 97624 — Zip Code

+49 30 323 7795 — Telephone Number

patti_ohlund@hotmail.com — E-mail Address (if available)

**Application for Patricia J. Ohlund to proceed without prepaying Fees or Costs**

Attachments to Application:

6. Do you have any housing, transportation, utilities, or loan payments, or regular monthly expenses?

Car loan payments:$300; Utilities: $200; Rent: $1500; Transportation: $200; German Taxes: $100; Health Insurance: $500; German Insurance (Pflege, Dental, Car, etc): $400; Other (telephone, WiFi, radio, cell): $100; Car maintenance costs: $50

7. List all people who are dependent on you for support, your relationship with each person and how much you contribute to their support.

My husband (age 74) receives only a small amount of German Social Security and, as my spouse, half of my US Social Security benefits. Germany has a very high cost of living rate. With my limited retiree income, I contribute 2/3 of our living expenses.

8. Do you have any debts or financial obligations not described above:

Due to the Treaty between the US and Germany, Germany has the right to tax our US Social Security benefits (which normally would not be taxed in the U.S) at a very high rate. In addition, as these benefits are not considered to be Social Security but pension payments, my health insurance payments are higher due to this interpretation.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Patricia J. Ohlund

(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

Anthony Blinken, in his capacity as the Secretary,

U.S. Department of State

(List the full name(s) of the defendant(s)/respondent(s).)

_____CV__________ (_____) (_____)

## Application for the Court to Request Pro Bono Counsel

I ask the Court to request a *pro bono* attorney to represent me in this action. In support of my application, I declare under penalty of perjury that the following information is true and correct:

1. Have you previously filed a "Request to Proceed in Forma Pauperis" (an IFP application)? Please check the appropriate box below:

   ☐ I have previously filed an IFP application in this case, and it is a true and correct representation of my current financial status.

   ☑ I have not previously filed an IFP application in this case and now attach an original IFP application showing my financial status.

   ☐ I have previously filed an IFP application in this case, but my financial status has changed. I have attached a new IFP application showing my current financial status.

2. Explain why you need an attorney in this case. (Please note that requests for pro *bono* counsel are rarely granted at the early stages of a case and usually not before the Court has issued a decision on the merits of the case.) If you asked for an attorney earlier in this case, please also explain what has changed since you last asked for an attorney.

As a retiree, I have a very modest income - mainly US-sourced Social Security benefits, which are taxed at a higher rate in Germany as it is considered pension income - not Social Security. My Health Insurance costs are therefore higher than they would normally be calculated due to this interpretation. Germany has a very high cost of living rate and, as a retiree on a fixed income, I am unable to pay the hourly fees for an attorney to represent me in my case as it is highly complex with international / legal questions. It would be an undue hardship to myself and extremely difficult to meet the required financial fees.

3. Explain what steps you have taken to find an attorney and with what results. (Please identify the lawyers, law firms or legal clinics you have contacted and their responses to your requests. If you have limited access to the telephone, mail, or other communication methods, or if you otherwise have had difficulty contacting attorneys, please explain.)

I am an American citizen residing in Germany and I have no direct access to attorneys based in the U.S. I've contacted a few legal clinics (in both NY and DC) but although New York provided some guidance, none of these clinics are able to represent me in my case.

4. If you need an attorney who speaks a language other than English, state what language(s) you speak: ______________________.

5. I understand that if an attorney volunteers to represent me and that attorney learns that I can afford to pay for an attorney, the attorney may give this information to the Court.

6. I understand that even if the Court grants this application, I will receive *pro bono* counsel only if an attorney volunteers to take my case and that there is no guarantee that an attorney will volunteer to represent me.

7. I understand that if my answers on this application or in my IFP application are false, my case may be dismissed.

February 3, 2022
Date

Signature

OHLUND, Patricia J.
Name (Last, First, MI)

Prison Identification # (if incarcerated)

Fritschestrasse 47
Address

Berlin
City

Germany
State

10627
Zip Code

0049- 30 - 3237795
Telephone Number

patti_ohlund@hotmail.com
E-mail Address (if available)