UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PATRICIA J. OHLUND,

                              Plaintiff,

          -against-

ANTHONY BLINKEN, in his official capacity as the Secretary of the U.S. Department of State,

                             Defendant.

22 Civ. 1005 (LGS)

**ORDER OF SERVICE**

---

LORNA G. SCHOFIELD, United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 and German law, alleging that her former employer discriminated against her based on her age.  By order dated February 16, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP").

**DISCUSSION**

      Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).  Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued.  The Court therefore extends the time to serve until 90 days after the date the summons is issued.  If the complaint is not served within that time, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the

plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Anthony Blinken through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the defendant. The Clerk of Court is further instructed to (1) mark the box on the USM-285 form labeled "Check for service on U.S.A.," (2) issue a summons, and (3) deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendant.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to (1) issue a summons, (2) complete the USM-285 forms with the address for Anthony Blinken, (3) mark the box on the USM-285 forms labeled "Check for service on U.S.A.", and (4) deliver to the U.S. Marshals Service all documents necessary to effect service on the defendant.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff, together with an information package.

SO ORDERED.

Dated: February 16, 2022
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

## DEFENDANT AND SERVICE ADDRESS

Anthony Blinken
Secretary of State
United States Department of State
2201 C Street NW
Washington, D.C. 20037